# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRNA ADAMS, | * |
| Plaintiffs | * |
| v. | * Civ. No. 98-1466(PG) |
| THE AUTONOMOUS MUNICIPALITY OF SAN JUAN, ET AL., | * |
| Defendants | * |

## OPINION & ORDER

### BACKGROUND

This is an action for personal injury filed in this Court pursuant to 28 U.S.C. § 1332. Before the Court is a Motion for Reconsideration filed by Plaintiff Myrna Adams ("Plaintiff") on August 20, 2002 (Docket No. 44) wherein she moves for "reconsideration and to reopen the above captioned case." On September 15, 2000 Judgment was entered dismissing this case for failure to prosecute pursuant to FED.R.CIV.P. 41(b) (Docket No. 38), and the case was closed on that same date. Then on January 7, 2002, this Court denied Plaintiff's Motion to Vacate Judgment (Docket No. 43) finding that Plaintiff had had ample opportunity to become aware of the pending request for dismissal of this case. Given the vagueness of her request in the currently pending motion, we can only assume that Plaintiff is requesting reconsideration of this January 2002 decision.

### STANDARD FOR RECONSIDERATION

Federal Rule of Civil Procedure 59(e) allows a party to make a motion "...to alter or amend the judgment...." FED.R.CIV.P. 59(e).




Civ. No. 98-1466 (PG)                                                    2

Said motion "...shall be filed no later than 10 days after the entry of judgment." Id. Parties should use a motion for reconsideration to "...raise arguments which could or should have been made before judgment issued." Federal Deposit Ins. Corp. v. World University, Inc., 978 F.2d 10 (1st Cir. 1992)(quoting Harley-Davidson Motor Co., Inc. v. Bank of New England, 897 F.2d 611, 616 (1st Cir. 1990)). Motions under this rule "...must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to present a new legal theory." Id. But motions for reconsideration are rarely granted. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d. Cir. 1995). "' Reconsideration will generally be denied unless the moving party can point to controlling decision or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Chang v. United States, 250 F.3d 79, 86 n. 2 (2d Cir. May 4, 2001)(quoting Schrader).

## DISCUSSION

In support of her petition for reconsideration, Plaintiff argues that: 1) her new counsel filed the appropriate notice of appearance promptly after being retained by her on August 2001; 2) this Court's January 2002 order was not received by her lawyer until March 2002; 3) her new counsel was never served with a copy of a motion to strike filed co-defendant Puerto Rico Electrical Power Authority ("PREPA") which was granted by this Court in its January 7, 2002 Order; and 4) neither Plaintiff nor her former attorney were notified of or were present in a June 29, 2000 status conference.

We now briefly address each of these arguments. The fact that Plaintiff's new counsel appeared before this Court almost a year

Civ. No. 98-1466 (PG)                                                           3

after the case had been dismissed is absolutely impertinent to the request for reconsideration as is the allegation that Plaintiff was not served with a copy of PREPA's Motion to Strike her new counsel's notice of appearance.  Regarding Plaintiff's absence from the June 2000 status conference, the Court has reviewed the sequence of relevant events and finds that this argument does not reach a level that calls for action under Rule 59.  On February 7, 2000 Plaintiff's former attorney, Hector Tizol Alvarado, filed to withdraw as her attorney in this case.  Such request was granted during a third status conference held in this case on March 16, 2000 and Plaintiff was then given until April 30, 2000 for new counsel to appear.  Moreover, a pretrial conference was set for June 29, 2000.  On the same date of what turned out to be a fourth status conference instead of a pretrial conference, Plaintiff filed a motion requesting an order to allow attorney Gregory Sun to represent her *pro hac vice* in this case.  The Court granted this request during that fourth status conference on June 29, 2000 but never heard from Plaintiff again until August 22, 2001 when attorney G. Liz A. James filed a notice of appearance as counsel for her.  Plaintiff was fully conscientious of the fact that her attorney had withdrawn on March 2000 and it was her responsibility to retain new counsel by the deadline set by this Court and keep herself updated on the developments of the case while new counsel appeared.  More than four months elapsed between the time when the motion to dismiss was filed and the date when it was decided, and it was during that period that Plaintiff requested the Court to allow attorney Gregory Sun to appear *pro hac vice*.  Therefore, knowing that she had no attorney representing her during that time and given that the Court granted her request, it was

Civ. No. 98-1466 (PG)                                                        4

Plaintiff's responsibility to review the docket of the case periodically and had she done so, she would have become aware of the pending motion to dismiss.

Finally and most important, this request for reconsideration comes seven (7) months after this Court's Order was entered on January 7, 2000 denying Plaintiff's request to vacate judgment. Pursuant to Rule 59(e), this request for reconsideration had to be filed within ten (10) days of entry of judgment. Therefore, Plaintiff's motion was filed significantly late.

Because it fails to comply with the Federal Rules of Civil Procedure and the Court can glean no new evidence, no substantive change on the law and no manifest error of law that would persuade it to alter or amend the judgment, Plaintiff's request for reconsideration shall be denied.

### CONCLUSION

In light of the foregoing, we hereby **DENY** Plaintiff's "Motion for Reconsideration and to Reopen" (Docket No. 44).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October _16_, 2002.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge